# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| RAKEEM HARRIS, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|    v. | )    Case No. 1:25-cv-01145-JEH-RLH |
| | ) |
| CITY OF BLOOMINGTON, NICHOLAS DOAGE, JEFF LINDEN, TAYLOR HALLATT, TIMMOTHY CARLETON, JERRAD FREEMAN, and SPENCER BUSCH, | ) ) ) ) ) |
| | ) |
|    Defendants. | ) |

## <u>ORDER</u>

Now before the Court is the Plaintiff Rakeem Harris' Motion for Entry of Default. (Doc. 4). For the following reasons, the Motion is DENIED.

### BACKGROUND

Plaintiff Rakeem Harris filed his Complaint against Defendants City of Bloomington, Nicholas Doage, Jeff Linden, Taylor Hallatt, Timmothy Carleton, Jerrad Freeman, and Spencer Busch on April 14, 2025, alleging violations of 42 U.S.C. § 1983. (Doc. 1). Because "[n]o effort to serve the defendant with process [was] reflected in the docket," the Court warned Plaintiff that if he did not "obtain prompt service of process pursuant to Fed. R. Civ. P. 4 [ ] the case may be dismissed for failure to prosecute it." (Text Order entered on May 28, 2025). Summonses were subsequently issued on May 29, 2025, after the Plaintiff paid the filing fee. (Doc. 2). *But see Harris v. McLean County, et al.*, 1:24-cv-01451 (C.D. Ill.) (Text Order entered

on March 24, 2025) (barring Plaintiff from filing any further Application to Proceed in District Court Without Prepaying Fees or Costs for a period of one year).

On July 11, 2025, Plaintiff filed Affidavits of Service as to all seven Defendants.[1] (Doc. 3). On July 14, 2025, Plaintiff filed the instant Motion for Entry of Default, asserting that all Defendants were properly served the complaint and summons on June 20, 2025, and that Defendants have failed to plead or otherwise defend by the deadline. (Doc. 4).

## DISCUSSION

Federal Rule of Civil Procedure 55(a) provides, "When a party against whom a default judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." "[A] responsive pleading is required only after service has been effected and the party has been made subject to the jurisdiction of the federal courts." *Silva v. City of Madison*, 69 F.3d 1368, 1376 (7th Cir. 1995). Here, the Court is not satisfied that the Plaintiff properly served the Defendants such that the Court may assert jurisdiction over each of them. *United States v. Kramer*, 225 F.3d 847, 857 (7th

---

[1] The Court is weary of Plaintiff Harris's (doc. 3) Affidavits of Service and has reasons to believe that it does not comply with Federal Rule of Civil Procedure 11(b). *See also* 18 U.S.C. § 1621 (defining perjury). For example, the information entered in Plaintiff's Summons Returned Executed was completed using "fill-in form fields," a.k.a. text boxes. (Doc. 3). The metadata shows that all fields were modified on July 11, 2025, between 2:36:09 p.m. and 2:54:35 p.m. Plaintiff docketed the summons at 3:48:42 p.m., shortly after the fields in the form were completed. (Doc. 3) (document properties). Plaintiff, having already been *Harris v. McLean County, et al.*, 1:24-cv-01451 (C.D. Ill.) (Text Order entered on March 24, 2025), is on notice that if the Court suspects any additional discrepancies, Plaintiff will be ordered to appear before the Court to show cause, and sanctions may subsequently result. Fed. R. Civ. P. 11(c)(3) ("On its own, the court may order a[] . . . party to show cause why conduct specifically described in the order has not violated Rule 11(b).").

2

Cir. 2000) (observing that default judgment rendered without personal jurisdiction is void).

As an initial matter, individual Defendants Doage, Linden, Hallatt, Carleton, Freeman, and Busch were not properly served. Federal Rule of Civil Procedure 4(e) provides that an individual may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Illinois law, in turn, provides that service of summons upon an individual shall be made:

> (1) by leaving a copy of the summons with the defendant personally, [or] (2) by leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the contents of the summons, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode[.]

735 ILCS 5/2-203(a).

With those rules in mind, Plaintiff also has the burden of showing proper service of process. *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011). Here, the Affidavits of Service as to each of the individual Defendants provide that

"Corporate" Leslie Yocum was served on June 20, 2025, with the Summons and Complaint at the address of the McLean County Government Center. (Doc. 3 at 3–8). Therefore, none of the Defendants were served personally as required under Federal Rule of Civil Procedure 4(e)(2) or 735 ILCS 5/2-203(a). *See Relational, LLC v. Hodges*, 627 F.3d 668, 672 (7th Cir. 2010) (noting that prima facie showing of proper service requires signed return of service naming recipient and specifying when and where service occurred).

More pointedly, Plaintiff has submitted nothing to the Court to establish that "Corporate" Leslie Yocum was an agent authorized by appointment or by law to receive service of process on behalf of the individual Defendants. *See, e.g.*, *Abu-Shawish v. United States*, 546 F. App'x 576, 578 (7th Cir. 2013) (stating that in "*Bivens* claims against [ ] individual federal defendants, . . . certified mail sent to a person's place of employment is not proper service"); *Nelson v. Swift*, 271 F.2d 504, 505 (D.C. Cir. 1959) (property manager of a building owned by the defendant was not an agent authorized by appointment of law); *Cardenas*, 646 F.3d at 1006 ("Plaintiffs have not shown that the Superintendent was an authorized agent to receive service of process on" behalf of a police officer). While Plaintiff asserts that "[t]he City Clerk even made a point to explain that all members of 'The Hub' were authorized to receive service of process on behalf of the city and its employees, and that she didn't have to be personally requested" (doc. 4 at 3), that is insufficient establish that Ms. Yocum is "an agent authorized by appointment or by law to receive service of process." Fed. R.

4

Civ. P. 4(e)(2)(C). Accordingly, the Court will not direct the entry of default as to the individual Defendants.

As for Defendant City of Bloomington, Federal Rule of Civil Procedure 4(j)(2) provides:

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
>
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

And Illinois law provides: "In actions against public, municipal, governmental or quasi-municipal corporations, summons may be served by leaving a copy . . . with the mayor or city clerk in the case of a city . . . ." 735 ILCS 5/2-211.

Here, Defendant City of Bloomington was also served via an individual identified as "Corporate" Leslie Yocum rather than the chief executive officer as required by Rule 4(j)(2)(A) or the mayor or city clerk as required by 735 ILCS 5/2-211. (Doc. 3 at 2). The Court, therefore, will not direct the entry of default as to Defendant City of Bloomington.

Accordingly, Plaintiff's (doc. 4) Motion for Entry of Default is DENIED.

## CONCLUSION

For the foregoing reasons, Plaintiff's (doc. 4) Motion for Entry of Default is DENIED. Because the Court finds that Plaintiff has not met his burden of showing proper service of process, Plaintiff must serve the Defendants in accordance with Federal Rule of Civil Procedure 4 by September 5, 2025. *See Cardenas*, 646 F.3d at

1005 ("If, on its own or on the defendant's motion, the district court finds that the plaintiff has not met that burden and lacks good cause for not perfecting service, the district court must either dismiss the suit or specify a time within which the plaintiff must serve the defendant."). Failure to do so may result in the dismissal of this case.

SO ORDERED.

Entered this 21st day of August 2025.

s/ Ronald L. Hanna
Ronald L. Hanna
United States Magistrate Judge
