# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| RAKEEM HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF BLOOMINGTON, NICHOLAS DOAGE, JEFF LINDEN, TAYLOR HALLATT, TIMMOTHY CARLETON, JERRAD FREEMAN, and SPENCER BUSCH, | ) Case No. 1:25-cv-01145-JEH-RLH |
| | ) |
| Defendants. | ) |

## ORDER & OPINION

Before the Court are two motions to reconsider filed by Plaintiff Rakeem Harris ("Harris"). The first is a Motion to Reconsider the Court's August 21, 2025 Order, (Doc. 8); the second is a Motion to Reconsider this Court's September 12, 2025 Text Order (Doc. 10.) For the following reasons, the former (Doc. 8) is GRANTED in part and DENIED in part; the latter (Doc. 10) is DENIED.

### BACKGROUND

Harris filed this § 1983 suit in April 2025 against the City of Bloomington and six police officers in their official and individual capacities. (Doc. 1 at 8–12.) The alleged constitutional violations took place during a traffic stop, though the details of the traffic stop and of the officers' conduct are irrelevant to Harris's pending motions. Summons was issued in late May 2025, (Doc. 2), and returned on July 11, 2025. Three days later, Harris moved for entry of default under Federal Rule of Civil Procedure

55(a). (Doc. 4.) The Court declined to enter the defendants' default, explaining that neither the City of Bloomington nor the individual defendants were properly served under Rule 4 or Illinois law. (Doc. 6 at 3, 5). The Court's Order set a September 4, 2025 deadline for Harris to effect proper service, (Doc. 6 at 5), which was later extended to November 24, 2025, (Text Order dated September 12, 202). Harris now asks the Court to reconsider both its August 21 Order declining to enter the defendants' default and its September 12 Text Order.

## DISCUSSION

"Although motions to reconsider are not specifically authorized by the Federal Rules of Civil Procedure, courts in the Seventh Circuit" analyze them under the standards for altering judgments. *Washington Frontier League Baseball, LLC v. Zimmerman*, No. 114-cv-01862, 2016 WL 4798988, at *1 (S.D. Ind. Sept. 14, 2016). The Seventh Circuit has explained that motions to reconsider may be granted where "the Court has patently misunderstood a party" or has "made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). They serve a "limited function" to correct errors of fact or law, *Davis v. Carmel Clay Schools*, 286 F.R.D. 411, 412—not to "rehash[] previously rejected arguments." *Newman v. Gagan LLC*, No. 2:12-cv-248, 2018 WL 8678600, at *1 (N.D. Ind. Jan. 5, 2018).

Harris first asks the Court to reconsider its September 12, 2025 Text Order granting in part and denying in part Harris's Motion for Extension of Time to Serve Defendants. As the Text Order explained, Harris's request for an extension of time

2

also included substantive arguments challenging the Court's August 21 Order. (Doc. 7 at 2–5.) But, after Harris requested an extension, he filed a Motion to Reconsider the Court's August 21 Order. So, to the extent that the substantive arguments in his motion for an extension were repeated in his motion to reconsider, they were superseded by it and therefore moot. Harris mistakenly asserts that the Court's September 12, 2025 Text Order "treated Plaintiff's Motion to Reconsider (EFC No. 8) as moot." (Doc. 10 at 1.) In fact, the Court's text order treated Harris's *motion for an extension* (Doc. 7) as moot to the extent that the arguments he advanced in that motion resurfaced in his motion to reconsider. Thus, the Court finds no grounds to reconsider its September 12, 2025 text order.

Harris next asks the Court to reconsider its August 21 Order, which refused to enter the defendants' default after concluding they had not properly been served. Upon further review, the Court finds that the City of Bloomington has been properly served under Illinois law, but the police officers have not.

This lawsuit involves a municipal entity—the City of Bloomington, Illinois—and six police officers who have been sued in *both* their official and individual capacities. As an initial matter, "official capacity suits are actions against the government entity of which the officer is a part." *Sanville v. McCaughtry*, 266 F.3d 724, 732 (7th Cir. 2001). Because Harris sued the officers in their "official capacities," he "did nothing more than" sue the City of Bloomington, which he also sued.[1] *Hobbs*

---

[1] This is particularly true because Harris's request for relief is limited to "7.5 million in damages including punitive damages" because "the importance of constitutional rights cannot be understated." (Doc. 1 at 5.) He does not ask for prospective injunctive or declaratory relief, so his suit against the officers in their "official capacities" is a misnomer.

3

*v. Shesky*, No. 22-cv-492, 2022 WL 16752064, at *8 (E.D. Wis. Nov. 7, 2022). Indeed, "[s]uing the defendants in their 'official capacities' contributes nothing when a plaintiff has sued the governmental entity of which the defendant is a part." *Id.*; *see also Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) ("There is no longer a need to bring official-capacity actions against local government officials, for under *Monell*, local government units can be sued directly for damages and injunctive or declaratory relief.") (internal citations omitted)). Therefore, the Court need only determine whether Harris properly served (1) the City of Bloomington, and (2) the police officers in their individual capacities.

As to the City, Federal Rule of Civil Procedure 4(j)(2) provides two ways that it can be served: (1) by "delivering a copy of the summons and of the complaint to its chief executive officer"; or (2) by following Illinois law for serving municipal entities. Harris invokes the latter, which requires him to leave a copy of the summons and complaint "with the mayor or clerk." 735 ILCS 5/2-211. The Court's August 21 Order explained that Harris's affidavits of service indicated that the summons and complaint had been served on a person named "Leslie Yocum" whose only title appeared to be "Corporate." (Doc. 3 at 2.) Harris maintains, however, that Ms. Yocum is in fact an employee in the Bloomington City Clerk's office. Upon further review, the Court agrees. The "additional comments" section of the affidavits of service—which were signed under penalty of perjury—appear to list Ms. Yocum's relationship to the City of Bloomington as "Authorized Agent/City Clerk." (Doc. 3 at 2.) And the Court can take judicial notice that Ms. Yocum is indeed an employee of the City

4

Clerk's office.[2] Service on Ms. Yocum therefore complies with Illinois law governing service of municipal entities. And because the City was served on June 20, 2025, it was required to file an answer or other responsive pleading by July 11, 2025. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). The Court will therefore reverse this portion of its August 21 Order and will direct the clerk to enter the City of Bloomington's default.

As to the officers in their individual capacities: They must be served in the same manner as any other individual. *See Parsons v. Aguirre*, 123 F.R.D. 293, 295 (N.D. Ill. 1988) (collecting cases). Federal Rule of Civil Procedure 4(e) provides two paths for serving an individual: (1) by following state law for service of process, Fed. R. Civ. P. 4(e)(1); or (2) by one of the three federally prescribed methods in Rule 4(e)(2): delivering a copy of the summons and complaint to the defendant personally; leaving copies at the defendant's dwelling or usual place of abode with a resident of suitable age and discretion; or delivering a copy to an agent authorized by appointment or by law to receive service. Illinois law, in turn, permits service on an individual either by personal delivery or by abode service—leaving the summons at the defendant's usual place of abode with a person 13 years or older, and then mailing a copy to that address. 735 ILCS 5/2-203(a).

Here, as explained in the Court's August 21 Order, the officers were not personally served, nor was a copy of the summons and complaint left at their places of abode and subsequently mailed to that address, as Illinois law requires. The only

---

[2] *See Executive Staff*, CITY OF BLOOMINGTON, ILLINOIS, https://www.bloomingtonil.gov/home/components/staffdirectory/24 (last visited October 3, 2025) (indicating that "Yocum, Leslie" is a member of the executive staff of the City Clerk's office).

5

remaining way to serve them—and the one Harris invokes—is to deliver the summons and complaint "to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(C). In his motion to reconsider, Harris argues that Ms. Yocum, an employee at the City Clerk's office, is an agent of the officers and thus competent to accept service on their behalf. He maintains that the City of Bloomington's "local practice" is to direct all legal correspondence to the City Services Hub, which is where Ms. Yocum works. That is not sufficient. As the Court explained, Harris "has submitted nothing to the Court to establish that [Ms. Yocum] was an agent authorized *by appointment or by law* to receive service of process on behalf of the individual Defendants." (Doc. 6 at 4 (emphasis added).) There is no evidence that the officers have appointed Ms. Yocum to accept service for them. Nor has Harris identified an Illinois statute that authorizes Ms. Yocum to accept service on the officers' behalf. Even were the Court to assume that the City's local practice is to direct legal documents to the City Services Hub, the result would not change. That is because Federal Rule of Civil Procedure 4(e)(2)(C) requires the agent to have been formally authorized to accept service by "*appointment or law*"—not local custom. For these and the reasons explained in the Court's August 21 Order, Harris has not properly served the individual officers. The deadline for him to do so remains November 24, 2025.

    Finally, Rule 4(l)(1) places the burden on the plaintiff to prove valid service by affidavit. Harris's affidavits merely confirm that Ms. Yocum worked in the City Clerk's office; they provide no evidence that she was authorized by appointment or by

6

law to accept service for the officers. This evidentiary deficiency reinforces the Court's prior conclusion that the officers have not been properly served.

## Conclusion

IT IS THEREFORE ORDERED that Harris's (Doc. 10) Motion for Reconsideration of the Court's September 12, 2025 Text Order is DENIED. Harris's (Doc. 8) Motion for Reconsideration of the Court's August 21 Order is GRANTED in part and DENIED in part. The Clerk is DIRECTED to enter the City of Bloomington's default. Finally, Harris must serve the individual defendants on or by November 24, 2025.

SO ORDERED.

Entered this 3rd day of October 2025.

                                                  s/ Ronald L. Hanna
                                                  Ronald L. Hanna
                                          United States Magistrate Judge