E-FILED
Monday, 15 June, 2026  03:55:24 PM
Clerk, U.S. District Court, ILCD

### IN THE
### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

RAKEEM HARRIS,
    Plaintiff,

v.

CITY OF BLOOMINGTON, *et al.*,
    Defendants.

Case No. 25-cv-1145

**Order**

Now before the Court is the Plaintiff, Rakeem Harris's Motion to Certify the November 21, 2025 Order for Interlocutory Appeal. (D. 29).[1] For the reasons set forth below, the Plaintiff's Motion is denied.

**I**

On November 21, 2025, the Court entered a text order setting aside the default of Defendant, the City of Bloomington ("the City"). (11/21/2025 Text Order). In that Order, the Court explained that the City had exhibited "good cause" under Rule 55(c) to set aside the City's default—specifically, that the Plaintiff had filed a nearly-identical case against the City (No. 24-cv-1155) just one year before, with the same subject matter in the same court. *Id.*

Shortly after, the Plaintiff filed the pending Motion, seeking permission to appeal the Court's November 21 Text Order. The Court construed that Motion as a Notice of Appeal. On appeal, the Seventh Circuit held that this "construction was erroneous." (D. 51). Rather, the Court must "consider appellant's request for

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

1

certification in the first instance" under 28 U.S.C. § 1292(b). The Court, therefore, will now assess the merits of the Plaintiff's Motion (D. 29).

## II

Under § 1292(b), "[w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." This imposes "four statutory criteria": "there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Bd of Trs. of the Univ. of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in original). "Unless all these criteria are satisfied, the district court may not and should not certify its order to [the Seventh Circuit] for an immediate appeal under 1292(b)." *Id*. (emphasis in original). Generally, "[i]nterlocutory appeals are frowned on in the federal judicial system." *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012). The decision to permit an interlocutory appeal is grounded in the "discretion that § 1292(b) gives to district judges and appellate judges." *Breuder v. Bd. of Trs. of Cmty. Coll. Dist. No. 502*, 888 F.3d 266, 271 (7th Cir. 2018).

Here, the Plaintiff argues that the Court's finding of "good cause" was errant and requires immediate review. He further argues that there exists a difference of legal opinion on whether the City's excuse for default is properly considered "good cause". Permitting an interlocutory appeal, argues the Plaintiff, would also further advance the litigation, because a successful appeal would render the City a defaulted defendant.

The Court, in its discretion, finds that Plaintiff has failed to satisfy § 1292(b) because the Plaintiff raises a question of fact, not law. The relevant Text Order rests

entirely on a factual finding: that the City's attorneys had "good cause" to excuse the default because "this case is duplicative of another case Harris filed against it," and when the City's attorney "received notice of this case, he was out of town and reasonably believed that it related to the other case." (11/21/2025 Text Order). And this, the Court found, was "understandable, given that the two cases were brought by the same party, state the same claims, and are predicated on the same facts." *Id.* Thus, the Court held that "Rule 55(c)'s 'good cause' standard [was] easily satisfied."

Plainly, then, the pending Motion does not present "a question of *law*." *Ahrenholz*, 219 F.3d at 675 (emphasis in original). Instead, it presents a question of fact: whether there exists good cause to excuse the City's default. This certainly is not the "pure question of law" that would render Seventh Circuit intervention appropriate. *Id.* (holding that a "pure question of law" is "something the court of appeals could decide quickly and cleanly without having to study the record"). Given that the Plaintiff seeks a second opinion on the Court's factual findings, he has failed to satisfy § 1292(b). *See In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 625 (7th Cir. 2010) (noting that, when a petition for interlocutory appeal presents a "question of fact", "it would be pointless to allow an interlocutory appeal from its resolution"); *State Fire & Cas. v. Sunbeam Prods., Inc.*, No. 1:08-CV-1506-SEB-DML, 2010 WL 2903856, at *2 (S.D. Ind. July 21, 2010) (denying motion for interlocutory relief because "no abstract legal question [was] presented" but rather, the appeals court would be forced to review the district court's factual determination); *OSF Healthcare Sys. v. Banno*, No. 08-1096, 2009 WL 1259048, at *2 (C.D. Ill. May 6, 2009) (denying the defendant's motion for interlocutory appeal because "[t]he Court disagrees that Defendants' proximate cause argument related to Anza is a 'pure' question of law, but instead is a mixed question of law and fact, which relies on misconstrued 'facts' from the Amended Complaint").

3

### III

For the reasons set forth above, the Plaintiff's Motion to Certify the November 21, 2025 Order for Interlocutory Appeal (D. 29) is denied.

*It is so ordered.*

Entered on June 15, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE